UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Polidora,

                Plaintiff,

      –v–

Dagostino & Associates,

                Defendant.

19-cv-01290 (AJN)

MEMORANDUM OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

    Plaintiff brings claims against Defendant law firm for legal malpractice, breach of contract, and fraud arising out of Defendant's past representation of Plaintiff in a personal injury lawsuit. Defendant filed a motion to dismiss the entire complaint for lack of subject matter jurisdiction and lack of proper service, and to dismiss Plaintiff's breach of contract claims for failure to state a claim. The Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction and lack of proper service, but grants Defendant's motion to dismiss the breach of contract claims for failure to state a claim.

I.     BACKGROUND

    **A. Factual Background**

    The following facts are drawn primarily from Plaintiff's Second Amended Complaint, *see* Dkt 43 ("SAC"), and accepted as true for purposes of this motion.

    Plaintiff James Polidora is an individual residing in New Jersey and Defendant Dagostino & Associates is a law firm incorporated in the State of New York. SAC ¶¶ 1-2. Though Plaintiff does not explain how their relationship began in his SAC, at some point Plaintiff hired Defendant

to represent him in a personal injury lawsuit. After a period of time, Defendant attempted to withdraw its representation of the case, though the SAC does not specify at what point the court granted this withdrawal. Plaintiff claims he opposed the motion to withdraw because no other attorney would take his case due to the fact that it was nine years old and "obviously mishandled from the start." SAC ¶ 7.

On April 15, 2016 and at least seven other occasions, Defendant refused to "provide Plaintiff with his legal file." SAC ¶ 5. Plaintiff also instructed Defendant to provide him with the date of an oral argument. SAC ¶ 6. Though he does not explicitly specify in the SAC what proceeding this oral argument was for, it appears the oral argument was for the court to decide whether to grant Defendant's motion to withdraw. SAC ¶ 8. He states that Defendant never provided him with the date of oral argument and that therefore he never showed up. SAC ¶ 8. According to Plaintiff, the court granted Defendant's motion "due to non-appearance" of Plaintiff at the proceeding. SAC ¶ 8.

Plaintiff also argues that Defendant forged his signature on a letter to the court dated February 19, 2016 that further "enabl[ed] the firm to withdraw from the claim." SAC ¶ 8. Though Plaintiff does not explain the nature of that letter in the SAC, he refers to an exhibit attached to his opposition to Defendant's motion to dismiss, which the Court will consider as incorporated by reference. *See* Dkt 50 ("Exhibit 4"). The letter is addressed to Plaintiff from Defendant, asking him to certify that the events described in the letter are true, which are generally that Defendant communicated to Plaintiff that he had to pay expert retainer fees out of pocket and that Plaintiff has refused to do so. *See* Exhibit 4. Plaintiff's copy of the letter, which he sent back to Defendant, shows that he did not sign the document and instead wrote an addendum explaining that he cannot afford to pay those costs and wanted Defendant to ask the

doctors if he could pay them later out of any recovery from the suit. *Id.* Plaintiff asserts in the SAC that Defendant's forged his signature on this document and left out the addendum in the version it submitted to the court. SAC ¶ 8.

Plaintiff claims that Defendant's withdrawal from the case "prejudiced his claim." SAC ¶ 9. He says that Defendants failed to subpoena records and to interview and prepare witnesses, although the SAC does not specify what records or which witnesses. SAC ¶¶ 13-14. Defendant also failed to "arrange for comprehensive expert testimony," including by failing to subpoena certain experts, and, as Plaintiff asked it to on several occasions, also failed to follow Plaintiff's instructions to have experts amend their reports to include "highly pertinent evidence," though the SAC does not state what that evidence is. SAC ¶¶ 15-16, 18. Plaintiff also claims that Defendant was later caught on tape discussing "how injurious this conduct actually was," SAC ¶ 16, but does not describe the nature of these discussions. Plaintiff additionally alleges that Defendant "failed to admit audio recordings into evidence," but it is not clear what the recordings are of, and if they are related to the aforementioned tapes. SAC ¶ 19.

Plaintiff also says that he inquired with Defendant on how to recover significant out-of-pocket expenses incurred on multiple occasions, but that it failed to "timely instruct" him how to do so. SAC ¶ 12.

**B. Procedural Background**

Plaintiff filed a Complaint on February 11, 2019. Dkt 1. The Court granted Plaintiff leave to amend his Complaint on February 25, 2020. Dkt 3. The plaintiff filed an Amended Complaint on April 24, 2020. Dkt 5. Defendant filed an Answer on July 24, 2020. Dkt 17. Plaintiff filed a Second Amended Complaint on November 18, 2019. Dkt. 43.

Defendant moves to dismiss on three grounds: under 12(b)(1) because the value of Plaintiff's claims does not exceed $75,000; under 12(b)(5) because Plaintiff failed to properly serve Defendant; and under 12(b)(6) because Plaintiff failed to state a claim for breach of contract, as that claim is duplicative of his legal malpractice claim. Mot. Dismiss at 1, Dkt 26.

II.   DISCUSSION

For the reasons explained below, the Court denies Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and improper service, but grants the Defendant's motion to dismiss Plaintiff's breach of contract claims for failure to state a claim.

### A. Defendant's Motion to Dismiss Plaintiff's Claims for Lack of Subject Matter Jurisdiction is Denied

Defendant moves to dismiss Plaintiff's motion pursuant to Fed. R. Civ. P. Rule 12(b)(1). A motion brought under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction to hear the case. *See* Fed. R. Civ. P. 12(b)(1). Pursuant to Rule 12(b)(1), dismissal for lack of subject matter jurisdiction is appropriate if the Court determines that it lacks the constitutional or statutory power to adjudicate the case. *See Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and where there is diversity of citizenship between the parties, including where the parties are "citizens of different states." 28 U.S.C. §

1332.  The plaintiff must therefore allege an amount in controversy exceeding $75,000.  The plaintiffs' good faith allegations as to the amount in controversy will generally be accepted unless it appears to a "legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (footnotes omitted).

Plaintiff's Second Amended Complaint alleges that this Court has diversity jurisdiction over its legal malpractice, breach of contract, and common law fraud claims, because the value of those claims "exceed[s] $75,000 when aggregated" and because he is a resident of New Jersey while Defendant is a resident of New York.  SAC ¶¶ 1-2.  Defendant argues that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.  Defendant offers two arguments for why this case is worth less than $75,000, and both fail.

First, Defendant argues that Plaintiff's counsel made an admission during a case management conference that the case was worth only $50,000.  The following exchange occurred between Mr. Errante, Plaintiff's counsel, and the designated magistrate judge, Judge Barbara C. Moses on September 3, 2019:

> "THE COURT: How much is this case worth?
>
> MR. ERRANTE: Fifty thousand dollars.
>
> THE COURT: Excuse me?
>
> MR. ERRANTE: Fifty thousand.
>
> THE COURT: Why are we in federal court? There's a $75,000 jurisdictional limitation for a diversity case in federal court. Why are we here, sir? Your client may not have understood that, but you do.
>
> MR. ERRANTE: Right, your Honor; I understand.

>MR. SULLIVAN: Judge --
>
>THE COURT: Mr. Sullivan?
>
>MR. SULLIVAN: -- that's really one of the other issues I want to address with the Court, as well. We're contemplating a motion to dismiss for improper service. . ."

Tr. 15:20-16:9, Dkt 24. At the conference, which Plaintiff did not attend, Mr. Errante did not correct himself or otherwise further discuss the issue with Judge Moses. In Plaintiff's opposition to Defendant's motion, he clarified that Mr. Errante's comment was not an admission as to the value of this case but instead was a genuine mistake. According to Plaintiff, at the conference, Mr. Errante, who was new to the case and not adequately informed, accidentally stated the value of a separate case on which he represents Plaintiff, and Plaintiff was not present at the conference to correct this "mix up in thought." Pl. Opp. 2, Dkt. 46.

A judicial admission is a "formal concession" of fact "by a party or counsel," that has "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) (quoting 2 McCormick on Evid. § 254 (6th ed. 2006)). "[A]bsent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission." *Haywood v. Bureau of Immigration*, 372 Fed. App'x 122, 124 (2d Cir. 2010) (quoting *In re Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986)). "[T]o bind the client by such statements, they must constitute a clear and unambiguous admission of fact." *Kregler v. City of New York*, 821 F. Supp. 2d 651, 656 (S.D.N.Y. 2011), *aff'd*, 604 Fed. App'x 44 (2d Cir. 2015) (internal quotations omitted).

Moreover, the district court has "broad discretion to relieve the parties from the consequences of judicial admissions in the appropriate circumstances." *In re Methyl Tertiary*

*Butyl Ether (MTBE) Products Liab. Litig.,* 379 F. Supp. 2d 348, 371 (S.D.N.Y. 2005). If a court is "convinced that an honest mistake had been made, the original allegation was untrue and that justice required relief," the court "may, in its discretion, relieve the party of its otherwise binding consequence." *Triumph Const. Corp. v. New York City Council of Carpenters Pension Fund,* 29 F. Supp. 3d 373, 380 (S.D.N.Y. 2014) (citing *Coral v. Gonse*, 330 F.2d 997, 999 n. 1 (4th Cir. 1964)).

Plaintiff's counsel made an unequivocal statement on the record to Judge Moses that the case was worth $50,000. But even if this were considered a "judicial admission," the Court would use its inherent discretion to relieve Plaintiff of its binding effect. Though counsel's statement was unequivocal when he said it, it was not a clear and unambiguous statement of facts of this case. Plaintiff's counsel attests in an affidavit that it was an honest mistake: he represents the Plaintiff in another civil case where the value of the case is approximately $50,000, and during the conference with Judge Moses he "had a mixup in thought and made a miscommunication" regarding the value of this case. Furthermore, both prior to this mistake and afterwards, Plaintiff has maintained that the amount of controversy exceeds $75,000 in his pleadings, which is a significantly more formal context than the initial case management conference. It does not serve the interests of justice to hold Plaintiff to a genuine mistake by his counsel where Plaintiff was not present at the hearing to correct him and has consistently maintained the opposite position in his submissions to the Court.

Second, Defendant argues that Plaintiff's recovery is limited to what he may recover from his legal malpractice claim, and that in the state court proceeding in which Defendant previously represented Plaintiff, it was determined by a Supreme Court judge that "the medical evidence adduced . . . failed to establish that Plaintiff sustained serious injuries" and the case was

subsequently removed from the Supreme Court to the Civil Court of the City of New York, for which jurisdiction is limited to cases worth $25,000 and under. *See* Mot. Dismiss 9-10.

This argument fails. First, the determination of a separate court in a separate jurisdiction as to the value of Plaintiff's damages is not a "legal certainty," *St. Paul Mercury Indem. Co*, 303 U.S. at 288–89, for purposes of determining jurisdiction in this Court, and in any event that determination of the value of Plaintiff's claim by the state court is precisely what Plaintiff argues was the result of Defendant's alleged malpractice. Pl. Opp. 6. And even if the value of Plaintiff's state court case was less than $75,000, that does not mean the value of this case is as well. While in order to establish *liability* for his malpractice claim Plaintiff must prove that but for Defendant's malpractice he would have won his case in state court, that does not mean his *damages* in this case are limited to what he would have recovered in state court. For example, Plaintiff also alleges common law fraud, for which he could receive damages in addition to those from the malpractice claim, and he also seeks to recover medical costs that he paid out of pocket during the period of Defendant's representation. SAC ¶ 12; Pl. Dec. at 6.

The Court finds no basis to conclude as a matter of law that Plaintiff has alleged in bad faith that the claim exceeds $75,000, notwithstanding his counsel's mistake, and Defendant has not shown that there is a "legal certainty" that Plaintiff's claims are worth less than that amount. The Court therefore denies Defendant's motion to dismiss for lack of subject matter jurisdiction.

**B. Defendant's Motion to Dismiss the Amended Complaint for Improper Service is Denied.**

Defendant also moves to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(5) for failure to properly serve Defendant law firm. A motion under Rule 12(b)(5) seeks to dismiss the case for lack of proper service under Federal Rules of Civil Procedure Rule 4, which governs the content, issuance, and service of a summons. *DeLuca v.*

*AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).  A domestic corporation like Defendant must be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or "in the manner prescribed by Rule 4(e)(1) for serving an individual," which allows a domestic corporation to be served in accordance with state law in the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(h).  Under New York law, service may be made "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  N.Y. C.P.L.R. 311(a)(1).

Plaintiff argues that he properly served Defendant.  A process server attests that, on June 7, 2019, he went to the firm personally served Glen Devora, an attorney employed at the firm who Defendant does not contest was authorized to accept service, with the Summons and Amended Complaint.  Dkt 11.  Mr. Devora has filed an affidavit swearing that he was not at the firm on that day, and therefore could not have received service, and states that the signature on the proof of service form is not his.  Dkt 29.  In a subsequent affidavit, the process server attests that he did not personally sign the signature of Mr. Devora, but that the secretary at the firm took the papers into a back office and discussed with someone who had a male voice, and then she came back and signed Mr. Devora's name on the affidavit of service.  Dkt 47.

Defendant argues that service was improper under Fed. R. Civ. P. Rule 4(h), as Mr. Devora "was never personally served with the Summons and Amended Complaint," and therefore the Court lacks personal jurisdiction over Defendant.  Mot. Dismiss 12.

Despite Mr. Devora's affirmation, the Court determines that service was proper under New York law, and therefore under Fed. R. Civ. P. Rule 4(h) as well.  *See* FRCP 4(h); 4(e)(1).

The district courts in New York have accepted "the validity of service upon a corporation's receptionist or secretary" on many occasions under N.Y. C.P.L.R. 311. *Melkaz Int'l Inc. v. Flavor Innovation Inc.*, 167 F.R.D. 634, 642 (E.D.N.Y. 1996) (collecting cases). In particular, the New York courts have allowed for "redelivery," where the process server acts with due diligence in trying to fulfill the statutory requirements, nevertheless serves a person not authorized to accept service, and that person then redelivers the papers to one who is authorized to accept service. See *Leo v. Gen. Elec. Co.*, 111 F.R.D. 407, 412 (E.D.N.Y. 1986). In *Seward & Kissel v. Smith Wilson Co., Inc.*, the court held that service was proper where a plaintiff made a "good faith effort to deliver" to a corporation's officer, and the receptionist, though not authorized to accept service, "agreed to deliver them to the proper person" and the appropriate person "ultimately received process." 814 F. Supp. 370, 375 (S.D.N.Y. 1993).

Even if Mr. Devora was not present and the secretary signed for him without authorization, the secretary affirmed to the process server that the papers had already been provided to the appropriate person. Furthermore, Defendant does not contest that it in fact received the Summons and Amended Complaint, nor does Defendant assert that there was any delay in receipt, let alone prejudice therefrom. The Court therefore denies Defendant's motion to dismiss for improper service.

### C. Defendant's Motion to Dismiss Plaintiff's Claims for Breach of Contract for Failure to State a Cause of Action is Granted.

Lastly, Defendant moves to dismiss the contract claims from the complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), the Plaintiff must provide "sufficient factual matter" in its complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Plaintiff must provide enough "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] cause of action must be dismissed as duplicative of a malpractice claim if both are premised on the same facts and seek identical relief." *Meskunas v. Auerbach*, No. 17cv9129, 2019 WL 719514, at *4 (S.D.N.Y. Feb. 20, 2019) (citing *Sheehy v. New Century Mortg. Corp.*, 690 F. Supp. 2d 51, 63 (E.D.N.Y. 2010)). *See also Palmieri v. Biggiani*, 108 A.D.3d 604, 608, 970 N.Y.S.2d 41 (2013) ("[C]auses of action alleging, respectively, breach of contract, fraud, and deceit are duplicative of the cause of action alleging legal malpractice, because they arose from the same facts as the legal malpractice cause of action, and do not allege distinct damages."). Breach of contract claims based solely on "allegations against Defendants for particular actions taken that breached their contracts for legal representation and Plaintiff's expectation for competent legal service," that do not contain "allegations as to promises for particular or assured results," or that are not otherwise "distinct" from the claim of malpractice, are duplicative and must be dismissed. *Roy v. Law Offices of B. Alan Seidler, P.C.,* 284 F. Supp. 3d 454, 457–58 (S.D.N.Y. 2018) (quotation marks omitted).

Defendant argues that Plaintiff's claims for breach of contract are redundant of his claims for legal malpractice in the Second Amended Complaint. Mot. Dismiss 12. The Court agrees. In the vast majority of the Second Amended Complaint, Plaintiff asserts his claims for breach of contract and for negligence not only with regards to the exact same facts, but concomitantly in the same sentence. The SAC says on multiple occasions that the "defendant was negligent and breached contract by failing to," subpoena records, SAC ¶ 13, interview and prepare witness, SAC ¶ 14, follow plaintiff's instructions, SAC ¶ 12-13, subpoena experts, SAC ¶ 17, have experts amend their reports, SAC ¶ 16, and admit audio records into evidence, SAC ¶ 19. In all other places where

Plaintiff asserts breach of contract, the facts are the same as in his assertions for legal malpractice, including the failure to alert him of oral argument and by withdrawing representation. SAC ¶ 11.

Plaintiff's breach of contract claims "are premised on the same facts and seek identical relief" as the malpractice claim. *Meksunas*, 2019 WL 719514 at *4. The Court therefore grants Defendant's motion to dismiss Plaintiff's breach of contract claims for failure to state a claim.

### III. CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to dismiss Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction and lack of proper service, and GRANTS Defendant's Motion to dismiss Plaintiff's claims for breach of contract for failure to state a claim. This resolves docket number 26. Plaintiff's claims for legal malpractice and fraud were not challenged in the motion to dismiss and will therefore go forward.

This case was referred to Magistrate Judge Barbara C. Moses for general pretrial management, including discovery. *See* Dkt 7. Discovery was held in abeyance pending the Court's resolution of Defendant's motion. *See* Dkt 22. The parties will now proceed before Magistrate Judge Moses to set a discovery schedule.

SO ORDERED.

Dated: November 17, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge