UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/21

JAMES J. POLIDORA,

      Plaintiff,

-against-

D'AGOSTINO & ASSOCIATES,

      Defendant.

19-CV-1290 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated July 2, 2021 (Dkt. No. 78), Judge Nathan referred defendant's letter-motion to "strike" (exclude) plaintiff's expert report (Dkt. No. 77) to me for report and recommendation. No response to the letter-motion was filed by plaintiff. As written, the expert report of Jessica Di Bianca, Esq. appears vulnerable to defendant's motion, because:

(a)    The expert "explicitly lards [her] report with opinions that the defendants committed 'legal malpractice'" (sometimes termed "professional negligence") although "[t]he established law of this circuit plainly prohibits the admission of such testimony," *Protostorm, LLC v. Antonelli, Terry, Stout & Kraus, LLP*, No. 08-CV-0931-PKC-JO, 2014 WL 12788845, at *11 (E.D.N.Y. Mar. 31, 2014), *adopted as modified*, July 15, 2014 (permitting plaintiff's expert in legal malpractice case arising out of patent application to testify as to patentability and damages but excluding his opinions as to "ultimate questions of law," including "whether the defendants committed malpractice," *id*. at *11);

(b)    The expert explicitly opines that defendant committed "fraud," which is another ultimate question of law;

(c)    In the course of reaching her conclusions as to legal malpractice and fraud, the expert offers opinions as to defendant's intentions and motivations,

notwithstanding that a lawyer's opinion as to the mental state of another lawyer is generally "inadmissible because [it has] 'no basis in any relevant body of knowledge or expertise,'" and because "[i]dentifying the state of mind with which the defendants acted (or failed to act) is a 'classic jury question and not one for the experts,'" *Protostorm*, 2014 WL 12788845, at *11 (quoting *Deutsch v. Novartis Pharms. Corp.*, 768 F. Supp. 2d 420, 442 (E.D.N.Y. 2011), and *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004)); *see also Kidder, Peabody & Co. v. IAG Int'l Acceptance Grp., N.V.*, 14 F. Supp. 2d 391, 398 (S.D.N.Y. 1998); and

(d)   The expert purports to instruct the jury as to the elements of plaintiff's claims for legal malpractice and fraud. That task is the sole province of the Court. *See United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("Generally, the use of expert testimony is not permitted if it will 'usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'" (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1294 (2d Cir. 1991))).

For the sake of efficiency, the Court orders as follows:

1.   Plaintiff may, without penalty, withdraw Ms. Di Bianca's report and re-serve an amended report. Should plaintiff wish to avail himself of this opportunity, he must so advise the Court, in writing, no later than **July 13, 2021**, and must serve his amended report no later than **July 27, 2021**. Plaintiff is advised that the Court is unlikely to provide another opportunity to amend his expert report.

2. Should plaintiff wish to stand on Ms. Di Bianca's current report, he must so advise the Court, in writing, no later than **July 13, 2021**, in which case defendant's motion to exclude plaintiff's expert report must be filed no later than **July 27, 2021**. Opposition and reply papers will be due in accordance with Local Civ. R. 6.1(b).

3. The deadlines for defendant to serve its rebuttal expert report and for the parties to complete expert depositions (*see* Dkt. No. 63 ¶ 3) are SUSPENDED pending service of an amended expert report by plaintiff or resolution of defendant's anticipated motion.

Dated: New York, New York
      July 6, 2021                 **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**