UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

James J. Polidora,

              Plaintiff,

–v–

Dagostino & Associates,

              Defendant.

19-cv-1290 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

After the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's complaint, Defendant filed a motion for reconsideration or, in the alternative, a partial motion to dismiss the fraud claim pursuant to Rule 12(b)(6) or 12(c). Plaintiff opposes and requests that the Court convert the motion to one for summary judgment. For the reasons that follow, the Court GRANTS the motion for judgment on the pleadings pursuant to Rule 12(c) and denies Plaintiff's request.

I.     BACKGROUND

Plaintiff filed a complaint in this action on February 11, 2019, bringing claims against Defendant law firm for breach of contract, legal malpractice, and negligence arising out of Defendant's representation of him in a personal injury lawsuit. Dkt. No. 1. Plaintiff amended once as of right with substantially similar allegations. Dkt. No. 5. While the alleged facts giving rise to Plaintiff's claims are discussed in detail in the Court's November 17, 2020 Memorandum Opinion & Order, the essence of Plaintiff's complaint is that Defendant prejudiced Plaintiff's

1

claims in a personal injury lawsuit by failing to follow his instructions, litigate his case, and ultimately by withdrawing from Plaintiff's case without his consent. Dkt. No. 53.

Defendant filed a motion to dismiss the Amended Complaint on September 30, 2019 for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to properly serve under Fed. R. Civ. P. 12(b)(5). Dkt. No. 26. Defendant also moved to dismiss Plaintiff's breach of contract claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that the breach of contract claim was duplicative of Plaintiff's legal malpractice claim. *Id.* Plaintiff filed a Second Amended Complaint on November 18, 2019, adding a claim for fraud. Dkt. No. 43. Defendant informed the Court that it would rely on its original motion to dismiss rather than file a new motion. Dkt. No. 44. Plaintiff filed an opposition, Dkt. No. 47, and Defendant filed a reply, Dkt. No. 48.

In a Memorandum Opinion & Order on November 17, 2020, the Court granted in part and denied in part Defendant's motion. Dkt. No. 53. Specifically, the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction and improper service but granted the motion to dismiss Plaintiff's breach of contract claims as duplicative of Plaintiff's malpractice claims. *Id.* On December 1, 2020, Defendant filed a motion for reconsideration of the Court's opinion or, in the alternative, a partial motion to dismiss Plaintiff's cause of action for fraud. Dkt. No. 57. In its motion, Defendant argues that the Court failed to consider Defendant's challenges to Plaintiff's fraud claim. *Id.* Plaintiff filed an opposition to the motion for reconsideration and in it requested "reconsideration and conversion to a summary judgment motion." Dkt. No. 62. Defendant filed a reply. Dkt. No. 64.

II.  DISCUSSION

Defendant's motion for reconsideration is meritless; however, the Court need not consider the motion because for the foregoing reasons, it grants Defendant's Rule 12(c) motion and dismisses Plaintiff's cause of action for fraud.[1]

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, a district court must "employ the same standard applicable to Rule 12(b)(6) motions to dismiss, accepting all factual allegations in the [moving party's pleading] as true and drawing all reasonable inferences in the nonmoving party's favor." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015) (cleaned up). Therefore, to survive a motion pursuant to Rule 12(c), a complaint or counterclaim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Under New York law, "[t]he elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" and a "claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976, 979 (N.Y. 2009).  Further, "[i]t is well-settled New York law that where a fraud claim arises out of the same conduct that forms the basis for a legal malpractice claim, the fraud claim is deemed duplicative of the malpractice claim and must be dismissed." *Rafter v. Liddle*,

---

[1] Defendant bases its motion on Federal Rules of Civil Procedure 12(b)(6) and 12(c).  However, in light of Rule 12(g)(2), which bars successive 12(b)(6) motions containing arguments that could have been raised in earlier motions, the motion is only appropriate pursuant to Rule 12(c).  *See Bates v. Bristol-Myers Squibb Co.,* No. 17cv1237 (DLC), 2017 WL 5952903, at *2 (S.D.N.Y. July 26, 2017); *Sullivan v. Aircraft Servs. Grp., Inc.,* No. 19-CV-6500 (MKB), 2021 WL 76836, at *1 (E.D.N.Y. Jan. 8, 2021).

No. 05 CV 4296 (TPG), 2006 WL 2255093, at *9 (S.D.N.Y. Aug. 4, 2006) (citing *Laruccia v. Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn, LLP*, 744 N.Y.S.2d 335 (N.Y.App. Div.2d Dep't 2002)). "Under New York law, a fraud claim asserted in connection with charges of professional malpractice is non-duplicative only to the extent it arises from one or more affirmative, intentional misrepresentations that caused damages separate and distinct from those generated by the alleged malpractice." *Meskunas v. Auerbach*, No. 17 CV 9129 (VB), 2019 WL 719514, at *4 (S.D.N.Y. Feb. 20, 2019) (cleaned up).

The motion for judgment on the pleadings is granted. The essence of Plaintiff's complaint is that Defendant prejudiced his claim by failing to properly litigate his case and improperly withdrawing as counsel, which is a claim for legal malpractice. Plaintiff does not provide any additional allegations supporting a claim for fraud under New York law. While Plaintiff argues that Defendant submitted documents without his authority to a court in order to withdraw from his case, he has not plead with particularity that this was a material false representation, that he relied on this representation, or that he was otherwise damaged separate from the damages he asserts for malpractice. *Carl v. Cohen*, 868 N.Y.S.2d 7, 8 (N.Y. App. Div. 2008) (affirming dismissal where plaintiff "failed to allege separate and distinct" damages for fraud (cleaned up)). Instead, as the Court explained in its November 17, 2020 Memorandum Opinion & Order with respect to Plaintiff's breach of contract claim, Plaintiffs' claims for fraud and malpractice are entirely overlapping and he asserts them "not only with regards to the exact same set of facts, but concomitantly in the same sentence." Dkt. No. 53 at 11. *See* Second Am. Compl., Dkt. No. 43 at 4 (alleging that "the firm's Fraudulent Misrepresentation to the court, breach of contract and failure to follow plaintiff's instructions enabled them to withdraw from

4

representing him uncontested."). Plaintiff's claim for fraud must therefore be dismissed for failure to state a claim.

Because Plaintiff's fraud claim is dismissed, the Court denies Plaintiff's request to convert Defendant's motion into one for summary judgment.

## III. CONCLUSION

Defendant's partial motion for judgment on the pleadings is GRANTED, Defendant's motion for reconsideration is DENIED as moot, and Plaintiff's request to convert the motion to one for summary judgment is DENIED. Defendant has not moved for judgment on the pleadings or to dismiss Plaintiff's claim for legal malpractice and that claim will continue to go forward. This matter has been referred to Magistrate Judge Moses for discovery. The parties are directed to submit a joint letter within two weeks of this opinion updating the Court on the status of discovery. In that letter, the parties should inform the Court whether fact discovery has concluded and what, if any, discovery requests remain outstanding.

This resolves Dkt. No. 56.

SO ORDERED.

Dated: September 29, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

5