```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  02/14/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES J. POLIDORA,

        Plaintiff,

-against-

D'AGOSTINO & ASSOCIATES,

        Defendant.

19-CV-1290 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Expert discovery in this legal malpractice action was extended several times and is now scheduled to close on Tuesday, February 15, 2022. (Dkt. No. 109.) That is also the date selected by the parties for the deposition of plaintiff's legal malpractice expert, Jessica Di Bianca, Esq.[1]

On Friday, February 11, 2022, the defendant law firm, D'Agostino & Associates, submitted a letter-application (Def. Ltr.) (Dkt. No. 116) advising the Court that Ms. Di Bianca proposes to charge a flat fee of $7,500 for her deposition, which is estimated to last 3-4 hours.[2] Defendant requests that the Court direct Ms. Di Bianca to provide an invoice "with a reasonable hourly rate and number of hours" for her deposition, or, in the alternative, that the Court prospectively set her "rate and hours" for the deposition. Def. Ltr. at 1, 3. In light of the imminence of the deposition, the Court will grant the application to the extent set forth below.

---

[1] Ms. Di Bianca's original written report was served on June 15, 2021. (Dkt. Nos. 77, 77-1.) On June 22, 2021, defendant moved to strike the report, arguing that it improperly opined on ultimate legal issues and on defendant's state of mind and motive. (Dkt. No. 77.) On July 6, 2021, noting that the original report "appears vulnerable to defendant's motion," I gave plaintiff the option of withdrawing that report without penalty and re-serving an amended report by July 27, 2021. (Dkt. No. 79.) Plaintiff accepted that option. (*See* Dkt. Nos. 82, 84, 85.)

[2] On February 8, 2022, plaintiff's counsel first provided defendant's counsel with Ms. Di Bianca's deposition invoice, which lists $4,000 for "deposition preparation" and $3,500 for "deposition review." Def. Ltr. Ex. C. Plaintiff promptly objected, *see id.* Ex. D, but on February 11, 2022, plaintiff's counsel reported that although he had "requested an hourly fee from Ms. DiBianca as per your request," she "advises that her half day fee is $7500.00." *Id.* Ex. E. Defendant filed its letter-application the same day.

An expert witness is entitled to reasonable compensation for her time spent preparing for and attending a deposition noticed by an opposing party. Fed. R. Civ. P. 26(b)(4)(E)(i). If the parties cannot agree on a reasonable fee, the Court may consider:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Adams v. Mem'l Sloan Kettering Cancer Ctr.*, 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002) (quoting *Coleman v. Dydula,* 190 F.R.D. 320, 324 (W.D.N.Y.1999)); *accord Marin v. United States*, 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008).

It is the burden of the party who retained the expert – in this case, the plaintiff – to show that the requested compensation is reasonable and should be paid by the defendant. *Smith v. New York Presbyterian Hosp.*, 2012 WL 4903256, at *2 (S.D.N.Y. Oct. 12, 2012) (reducing deposition fee for defendants' expert psychiatrist from $550 to $400 per hour, and reducing fee for their security expert from $300 to $250 per hour). "Where a party fails to discharge its burden, the fees charged by his opponent's expert, if any, provide a useful benchmark." *Marin*, 2008 WL 5351935, at *1 (citing *Carafino v. Forester,* 2005 WL 1020892, at *1 (S.D.N.Y. Apr. 29, 2005); *Adams*, 2002 WL 1401979, at *2).

Because the touchstone of the inquiry is reasonableness, an expert witness generally may not "request a flat fee for deposition testimony regardless of the number of hours actually spent." *Marin*, 2008 WL 5351935, at *1 (collecting cases). "It is simply not reasonable to require parties in every case to pay the same amount regardless of the actual services rendered or time spent complying with the requested discovery." *Mannarino v. United States*, 218 F.R.D. 372, 375

(E.D.N.Y. 2003) (internal quotation marks omitted). "Instead, compensation should be based on a reasonable hourly rate." *Marin*, 2008 WL 5351935, at *1 (citing *Carafino*, 2005 WL 1020892, at *1). Thus, in *Marin*, the court rejected the $5,500 daily flat rate charged by an expert neurologist, and instead approved a charge of $400 per hour for preparation time and $550 per hour for deposition time. *Id.* at *3. *See also, e.g.*, *Junger v. Singh*, 2018 WL 4518648, at *3 (W.D.N.Y. Sept. 20, 2018) (rejecting "the per diem method" as unreasonable, and permitting expert physician to charge $500 per hour for time spent testifying, $250 per hour for time spent preparing for the deposition, and $125 per hour for travel time); *Nnodimele v. City of New York*, 2015 WL 4461008, at *2-4 (E.D.N.Y. July 21, 2015) (rejecting flat fee of $2,500 per day and instead awarding $200 per hour for preparation and testimony time, but excluding time spent "discuss[ing] the case in general in order to educate counsel and prepare for trial"); *Reit v. Post Props., Inc.*, 2010 WL 4537044, at *5-6 (S.D.N.Y. Nov. 4, 2010) (setting hourly rates of $250 per hour for deposition preparation and testimony and $125 per hour for travel time by defendants' expert physician, notwithstanding that the same expert charged defendants a flat fee to examine the plaintiff and prepare his report).

Defendant is therefore correct that it cannot be required to pay a $7,500 flat fee for Ms. Di Bianca's time spent preparing for and attending her deposition.[3] Nor, for that matter, can defendant be required to prepay for Ms. Di Bianca's time, whether calculated as a flat fee or on

---

[3] In her initial report, Ms. Di Bianca stated that she charged plaintiff $7,500 to prepare it. (Dkt. No. 77-1 at 1.) Assuming, *arguendo*, that her fee *to plaintiff* remained the same for her amended report, that fact would not be enough to require *defendant* to pay that rate (or any flat rate) for Ms. Di Bianca's time spent on very different tasks – preparing for and attending her deposition. *See Reit,* 2010 WL 4537044, at *2 ("While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert."); *Junger*, 2018 WL 4518648, at *3 ("While defendant may select whichever expert of his choosing or agree to whatever fee arrangement with that expert, Rule 26(b)(4)(E) only requires the discovering party to pay *reasonable* charges to examine that expert.") (emphasis in the original).

any other basis. *See, e.g.*, *Ajasin v. Ortiz*, 2021 WL 1437551, at *2 (S.D.N.Y. Apr. 16, 2021) (refusing to approve "either a flat fee for Dr. Dassa or any prepayment of fees"); *Almonte v. Averna Vision & Robotics Inc.*, 2014 WL 287586, at *3-4 (W.D.N.Y. Jan. 24, 2014) (rejecting "expert witnesses' demands for advance payment" prior to appearing for deposition); *Johnson v. Spirit Airlines, Inc.*, 2008 WL 1995117, at *1 (E.D.N.Y. May 6, 2008) (expert witness "may not insist on advance payment"); *Kent v. Starline Cab Corp.*, 2004 WL 251064, at *1 (S.D.N.Y. Feb. 11, 2004) (Rule 26(b)(4) "does not require payment in advance").

Both prohibitions – against prepayment demands and flat fees – are based in part on the fact that "it is difficult or impossible to determine in advance of the deposition what fee might be reasonable, as that may turn, in part, on evidence adduced during and the duration of the deposition." *Kent*, 2004 WL 251064, at *1; *see also Ajasin*, 2021 WL 1437551, at *2 (although defendants estimated that the deposition would take two to four hours, it would be "premature to calculate the appropriate fee for Dr. Dassa's time" when it is "not yet established how much time he will spend in preparation for the deposition"); *Johnson*, 2008 WL 1995117, at *1 (expert witness "may not set a flat fee before he knows what he will be called upon to do"). Thus, it is "well-settled," in our Circuit, "that parties seeking court intervention to determine a reasonable fee for an expert deposition should do so *after* the deposition, not before it has taken place." *Ajasin*, 2021 WL 1437551, at *1 (emphasis in the original) (collecting cases); *see also Conte v. Newsday, Inc.*, 2011 WL 3511071, at *3 (E.D.N.Y. Aug. 10, 2011) ("[I]f the parties cannot agree to reasonable reimbursement for plaintiff's experts following their depositions, either party may apply to the Court for such a determination.").

In light of the standards set forth above, defendant's letter-application is GRANTED to the limited extent that plaintiff must provide, no later than the start of Ms. Di Bianca's deposition

4

tomorrow, the *hourly* rate(s) that she seeks for her time spent preparing for and attending that deposition (as well as travel time, if applicable). If defendant believes a quoted rate is unreasonable, it may of course question the witness, at deposition, about its basis. However, to the extent defendant seeks an order determining Ms. Di Bianca's reasonable hourly rates or overall deposition-related compensation, the application is DENIED as premature. After the deposition, should the parties be unable to agree on an appropriate payment, they may return to this Court to resolve their dispute. Any such application should discuss the factors set forth in *Adams*, 2002 WL 1401979, at *1.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 116.

Dated: New York, New York
February 14, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**